Filed 1/22/26  P. v. Treglia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086757 |
| v. | (Super.Ct.No. FSB25001976) |
| DANIEL MICHAEL TREGLIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  R. Glenn Yabuno, Judge.  Affirmed.

Daniel Treglia, in pro. per.; Coreen W. Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Daniel Michael Treglia appeals the judgment, after he entered a plea agreement and pled no contest to one count of attempted possession of a dirk or dagger. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with carrying a dirk or dagger (Pen. Code,[1] § 21310, count 1), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 2), and possession of an injection device (Health & Saf. Code, § 11364, subd. (a), count 3). The information also alleged that he had one prior strike conviction. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)

On June 17, 2025, defendant entered into a negotiated plea agreement and pled no contest to an added count of attempted possession of a dirk or dagger (§§ 664/21310, count 4); he also admitted the prior strike allegation. In exchange, the court sentenced him to the low term of 8 months in state prison, doubled pursuant to the prior strike. The People moved to dismiss the remaining counts, and the court granted the motion.

On August 20, 2025, defendant filed a handwritten notice of appeal, in propria persona, challenging his sentence as illegal.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979)

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether the court imposed an illegal sentence when it sentenced defendant to 16 months in state prison for a conviction of attempted possession of a dirk or dagger, with a prior strike; (2) whether the court imposed an illegal sentence in excess of the statutory maximum; and (3) whether defense counsel was ineffective for misadvising defendant as to the statutory maximum penalty for the charge against him. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten brief, defendant argues that his sentence should not have exceeded one year in state prison, under the terms of section 21310. We conclude the court properly sentenced him pursuant to the plea agreement.

Section 21310 provides that "any person in this state who carries concealed upon the person any dirk or dagger is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170." Section 1170, subdivision (h)(1) provides: "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years." Here, since defendant pled no contest to attempted possession of a dirk or dagger (§§ 664/21310), he was subject to half of the prescribed term. (§ 664, subd. (a).) Thus, in accordance with the terms of the plea agreement, the court sentenced him to the low

term of eight months, and that term was doubled to 16 months because of the prior strike conviction. (§ 1170.12, subd. (c)(1).[2]

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

---

[2] As defendant acknowledges, he was required to serve the term in state prison, rather than county jail. (§§ 1170, subd. (h)(3), 1192.7, subd. (c)(31), 245, subd. (a)(2)/12022.7.)